**383 W. Broadway Corp. v Solomon**

2024 NY Slip Op 31183(U)

April 8, 2024

Supreme Court, New York County

Docket Number: Index No. 152351/2021

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. ARLENE P. BLUTH**                    PART                    **14**

*Justice*

-------------------------------------------------------------------------------X

383 WEST BROADWAY CORP.,

| | |
|---|---|
| **INDEX NO.** | 152351/2021 |
| **MOTION DATE** | N/A, N/A |
| **MOTION SEQ. NO.** | 001 002 |

Petitioner,

- v -

SHERIF SOLOMON, IN HIS CAPACITY AS THE
COMMISSIONER OF FINANCE OF THE CITY OF NEW
YORK, CITY OF NEW YORK

**DECISION + ORDER ON
MOTION**

Respondent.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 2, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 64, 66, 67, 73, 75, 77, 78, 79, 80, 81

were read on this motion to/for                    ARTICLE 78                    .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 58, 59, 60, 61, 62, 63, 65, 68, 69, 70, 71, 72

were read on this motion to/for          CONSOLIDATE/JOIN FOR TRIAL          .

Motion Sequence Numbers 001 and 002 are consolidated for disposition. The cross-motion to dismiss the petition (MS001) is granted and the motion (MS002) by petitioner to consolidate this proceeding with a separate tax certiorari proceeding and to conduct discovery is denied.

**Background**

Petitioner seeks to reverse a determination by respondents that denied petitioner's request for the correction of a clerical error related to the tax classification of its property.  It also seeks declaratory relief that respondents adjust the tax assessment for the property from fiscal year

**152351/2021   383 WEST BROADWAY CORP. vs. SHERIF SOLOMON, IN HIS
Motion No.  001 002**

**Page 1 of 7**

1 of 7

2017 through 2022 and that it receive a tax classification that identifies its property as one with fewer than 11 residential units.

Petitioner explains that under the relevant Real Property Tax Law, properties that have less than 11 residential units cannot have the assessed value of their property increase by more than 8% in any one year or by more than 30% in a five-year period. It contends that respondents erred by counting the total number of units when classifying petitioner's building instead of counting only the residential units. Petitioner explains that it attempted to correct this issue by submitting a clerical error request but that respondents rejected that request.

Respondents cross-move to dismiss on the ground that petitioner waived any arguments it had about the majority of these tax years when it reached a settlement with the Department of Finance. They explain that petitioner filed applications seeking to challenge its tax assessments and also specifically complained about the increase in its assessments. Respondents contend that the tax commission evaluated these applications and affirmed the assessments for 2016 through 2020. They observe that petitioner also filed Article 7 tax certiorari petitions for these years and that petitioner also filed another application for the 2020/21 tax year.

In September 2020, in an attempt to resolve petitioner's requests, respondents issued a notice of offer and acceptance agreement; it offered to settle the matter by adjusting the assessment for both the 2019/20 and 2020/21 tax years. Respondents stress that this offer included a reduction in petitioner's tax assessment in exchange for petitioner's assent to the terms of the agreement. Respondents maintain that part of this agreement contained a waiver of all challenges to current and prior assessments and required petitioner to discontinue any Article 7 proceedings. They insist that petitioner, through its counsel, signed this agreement in October 2020.

**152351/2021   383 WEST BROADWAY CORP. vs. SHERIF SOLOMON, IN HIS**
**Motion No.  001 002**

**Page 2 of 7**

Despite signing this settlement agreement, petitioner filed a separate application (through new counsel) in which it demanded that respondents change its classification from the tax years 2016 through 2021 under the auspices of a clerical error request. Respondents denied that application and this proceeding followed.

Petitioner contends that the settlement agreement is unconscionable and that there is no question that there was a clerical error relating to its misclassification. It argues that the tax settlement agreement constitutes fraudulent conduct, a "contract of adhesion," and should be ignored. It also claims that respondents are treating petitioner differently from other applicants and that this disparate treatment is a basis upon which this Court can grant the relief requested in the petition.

The Court observes that this proceeding was pending before a different judge for a couple of years (the parties even had a robust oral argument [NYSCEF Doc. No. 73]) prior to its transfer to the undersigned. The parties then appeared before this Court, where this Court apologized profusely on behalf of the court system for the absurd delay, and the Court permitted them to submit additional briefing because so much time had elapsed.

The supplemental briefing shows that while this case was waiting to be decided, the Appellate Division, First Department issued a relevant decision concerning the tax settlement agreement at issue here. However, petitioner contends that this Court should not follow this appellate ruling. Respondents insist that this Court should follow the First Department's decision.

**Discussion**

"It is a long-standing, well-established standard that the judicial review of an administrative determination is limited to whether such determination was arbitrary or capricious

**152351/2021   383 WEST BROADWAY CORP. vs. SHERIF SOLOMON, IN HIS
Motion No.  001 002**

**Page 3 of 7**

3 of 7

or without a rational basis in the administrative record and once it has been determined that an agency's conclusion has a sound basis in reason, the judicial function is at an end. Indeed, the determination of an agency, acting pursuant to its authority and within the orbit of its expertise, is entitled to deference and even if different conclusions could be reached as a result of conflicting evidence, a court may not substitute its judgment for that of the agency when the agency's determination is supported by the record" (*Partnership 92 LP v State Div. of Hous. and Community Renewal*, 46 AD3d 425, 428-29 [1st Dept 2007], *affd* 11 NY3d 859 [2008] [internal quotations and citations omitted]).

This Court's analysis begins with the tax commission settlement agreement. The terms and conditions provide that "If you sign the acceptance agreement, you agree to all of the stated terms and waive your rights to further review of the current and prior assessments, including further review of claims relating to determinations by the Department of Finance of exemption and *classification*" (NYSCEF Doc. No. 28, ¶ 1 [emphasis added]). It also states that "The applicant accepts the assessment proposed by this offer and will not commence a proceeding to review the current assessment. Upon acceptance, the application for correction is deemed withdrawn, effective as of the date it was filed. A withdrawn application cannot serve as the predicate for a judicial proceeding" (*id*. ¶ 9).

Respondents offered a reduction in petitioner's tax assessment in exchange for petitioner agreeing to the aforementioned terms and conditions (NYSCEF Doc. No. 29) – and finality. And petitioner, through its then-counsel, signed that agreement (*id*.). The Court therefore grants the cross-motion to dismiss as there was a clear and unambiguous agreement between petitioner and respondents that included valid consideration. That agreement included that petitioner waive its right to challenge tax assessments and classification for the current and prior tax years.

**152351/2021   383 WEST BROADWAY CORP. vs. SHERIF SOLOMON, IN HIS
Motion No.  001 002**

**Page 4 of 7**

4 of 7

And, as petitioner acknowledges, the First Department has already ruled in a substantially similar case, *Oversight Mgt. Services, LLC v Soliman*, 220 AD3d 445, 446, 198 NYS3d 2 [1st Dept 2023]), that these tax settlement agreements preclude further challenges to tax classifications. In that case, the First Department held that "petitioner waived its right to seek judicial review of respondent's tax assessments" based on petitioner's assent to the same type of settlement agreement at issue here (*id*.). And, just as here, the petitioner in *Oversight* sought to challenge the denial of its request to change its classification (*id*.).

Petitioner's supplemental briefing did not sufficiently explain how this proceeding is distinguishable from the aforementioned appellate decision. Instead, petitioner insists, essentially, that the First Department's decision is incorrect as it "departed from long-standing Court of Appeals precedent with no explanation" (NYSCEF Doc. No. 80 at 1). This Court sees no reason to ignore binding precedent that is directly on point. As the First Department made clear, "settlement agreements are generally favored by the courts, and we perceive no public policy or other reason for setting aside the parties' agreements" (*Oversight*, 220 AD3d at 446).

In this Court's view, petitioner's instant proceeding is simply an expression of regret for entering into this settlement agreement without first fixing the classification issue. Petitioner does not dispute that it could have challenged its classification before the tax commission or that the terms and conditions specifically included a waiver of that type of challenge. That petitioner may have now changed its mind is not a basis for it to get another chance to raise these arguments for the tax years that are subject to the settlement.

The Court dismisses the petition with respect to the 2021/22 tax year as respondents demonstrated that petitioner did not exhaust its administrative remedies for that tax year.

**152351/2021   383 WEST BROADWAY CORP. vs. SHERIF SOLOMON, IN HIS**
**Motion No.  001 002**

**Page 5 of 7**

5 of 7

[* 5]

The Court also denies motion sequence 002, which seeks to consolidate this proceeding with a separate tax certiorari case, to conduct discovery, for an evidentiary hearing and to conform the pleadings. The settlement agreement at issue here renders petitioner's claims for the tax years through 2021 as moot and, as respondents point out, petitioner failed to utilize the proper procedures for subsequent tax years. Moreover, the settlement agreement negates any need for discovery about disparate treatment or for consolidation.

**Summary**

The Court observes that petitioner insists that there is some sort of disparate treatment in that other property owners are sometimes provided with the changes requested here. But that is not a basis upon which this Court can ignore a valid settlement agreement. The fact is that petitioner was represented by counsel before the tax commission and it signed an agreement in order to get a reduction in its assessment. That agreement contained a clear waiver of its right to bring a future proceeding about its classification for those tax years and yet that is precisely what petitioner did here.

To grant the petition, as petitioner acknowledges, would require this Court to both ignore binding appellate precedent and to void the settlement agreement as unconscionable or as the product of fraud. Petitioner wholly failed to cite a basis for this Court to make either finding. It did not show, for instance, that there was some type of fraud, did not adequately address the fact that it got valid consideration for entering into the agreement; nor did it claim that the attorney who represented petitioner before the tax commission was "duped" into signing the subject agreement which, as is evidenced on this record, is a routine part of procedure before the tax commission. More specifically, petitioner did not sufficiently address why it signed the agreement instead of pursuing the classification argument before the tax commission. Quite

**152351/2021   383 WEST BROADWAY CORP. vs. SHERIF SOLOMON, IN HIS Motion No.  001 002**

**Page 6 of 7**

6 of 7

[* 6]

simply, having settled the matter for certain tax years without changing the classification, that issue was waived for those settled years.

Accordingly, it is hereby

ORDERED that respondents' cross-motion to dismiss the petition (MS001) is granted; and it is further

ADJUDGED that the petition is denied and this proceeding is dismissed without costs or disbursements; and it is further

ORDERED that petitioner's motion (MS002) for *inter alia* consolidation and discovery is denied.

| 4/8/2024 | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | **ARLENE P. BLUTH, J.S.C.** | | |
| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| | | GRANTED | | DENIED | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**152351/2021   383 WEST BROADWAY CORP. vs. SHERIF SOLOMON, IN HIS**
**Motion No.  001 002**

**Page 7 of 7**

7 of 7

[* 7]